UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARVIN WALLACE                                    CIVIL ACTION

VERSUS                                            NUMBER: 08-1438

N. BURL CAIN                                      SECTION: "I"(5)

**REPORT AND RECOMMENDATION**

Pursuant to 28 U.S.C. §636(b) and Local Rule 73.2E(A), presently before the Court in this 28 U.S.C. §2254 federal habeas corpus proceeding is the motion to stay of petitioner, Marvin Wallace, and the State's response thereto. (Rec. docs. 11, 12). For the reasons that follow, it is recommended that petitioner's motion be granted.

Petitioner Wallace is a state prisoner who is presently incarcerated at the Louisiana State Penitentiary, Angola, Louisiana. On October 28, 1999, Wallace was found guilty of forcible rape after trial, by jury, in the Twenty-Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana. On

November 19, 1999, Wallace was sentenced to thirty-five years at hard labor without benefit of parole, probation, or suspension of sentence for the first two years.  The State then filed a bill of information accusing Wallace of being a fourth felony offender and asking that he be sentenced as such under LSA-R.S. 15:529.1.  Following a hearing on that matter, Wallace was adjudicated a third felony offender, whereupon his thirty-five year sentence was vacated and he was resentenced to life imprisonment without benefit of parole, probation, or suspension of sentence.  Wallace's conviction was affirmed on direct appeal to the Louisiana Fifth Circuit Court of Appeal but the case was remanded to the trial court with instructions to advise him of the prescriptive period for seeking post-conviction relief and of the sex offender notification requirements.  <u>State v. Wallace</u>, 788 So.2d 578 (La. App. 5th Cir. 2001).  Writs were denied by the Louisiana Supreme Court on May 24, 2002.  <u>State v. Wallace</u>, 816 So.2d 297 (La. 2002).

Thereafter, on July 25, 2002, Wallace filed a motion to preserve the physical evidence that had been seized by police which the trial court denied as premature on July 31, 2002 because no post-conviction relief application ("PCRA") seeking DNA testing had been filed at that time. (St. ct. rec., vol. 1 of 8, tabs 3A, 3B). Wallace filed such a PCRA on May 9, 2003 which included a request for DNA testing as well as various other claims.  (St. ct. rec.,

vol. 2 of 8, tab 4). For present purposes, suffice it to say that the trial court ruled on certain of the claims set forth in Wallace's PCRA in the years that followed but that the DNA-related claim remains pending.

After filing his habeas petition here, Wallace filed the motion that is presently before the Court wherein he asked that this matter be stayed until such time as he can exhaust available state court remedies with respect to the DNA claim and presumably amend his petition to include that claim for judicial review.[1]/ For its part, the State argues that Wallace's petition should be dismissed without prejudice to allow him to pursue exhaustion of the DNA claim. Alternatively, if the Court is inclined to grant the motion to stay, the State urges that a specific deadline be imposed within which Wallace may move to reopen this case after state court remedies as to the DNA claim have been exhausted.

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528 (2005), the United States Supreme Court held that, in some circumstances, it is appropriate for a federal district court to stay a habeas corpus proceeding in which a petitioner has filed a "mixed petition" containing both exhausted and unexhausted claims in order to allow

---

[1]/ Wallace has recently moved for permission to file into the record of this proceeding documents related to the DNA claim and his attempts to exhaust that claim in state court. (Rec. doc. ____ filed on Nov. 26, 2008).

3

the petitioner to litigate his unexhausted claims in state court and then return to federal court to obtain review of his perfected petition. "[S]tay and abeyance is only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court" and "... the district court would abuse its discretion if it were to grant him a stay when his unexhausted claims are plainly meritless." Rhines, 544 U.S. at 277, 125 S.Ct. at 1535. "On the other hand, it likely would be an abuse of discretion for a district court to deny a stay and to dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics." Id. at 278, 125 S.Ct. at 1535.

The State is correct that the testimony of the victim is sufficient to sustain a conviction for forcible rape in Louisiana. At this point, however, the Court is unable to say with certainty what effect, if any, a favorable ruling on petitioner's DNA claim would have on his conviction. Based upon a review of the records that are before the Court, it appears that Wallace has for some time been attempting to litigate that claim before the state courts and there is no evidence that he has been intentionally dilatory in doing so. Furthermore, if this matter was dismissed without

prejudice rather than stayed, a subsequent habeas application may very well be time-barred. Duncan v. Walker, 533 U.S. 167, 172, 121 S.Ct. 2120, 2124 (2001); In re Wilson, 442 F.3d 872, 876 n.5 (5th Cir. 2006). For these reasons, it will be recommended that petitioner's motion to stay be granted subject to the time limitations set forth below.

## **RECOMMENDATION**

For the foregoing reasons, it is recommended that petitioners's motion to stay these proceedings be granted and that the Clerk of Court mark this action closed for statistical purposes. It is further recommended that petitioner continue his efforts to exhaust his DNA claim in the state trial court and, if necessary, to thereafter seek timely review of any denial of that claim in the Louisiana Fifth Circuit Court of Appeal and the Louisiana Supreme Court. It is further recommended that the Court retain jurisdiction over this matter and that petitioner be allowed to file a motion to reopen these proceedings, along with an amended habeas corpus petition incorporating his exhausted DNA claim, within thirty (30) days after exhausting that claim in the Louisiana Supreme Court.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served

with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Services Auto. Assoc.</u>, 79 F.3d 1415 (5th Cir. 1996)(<u>en banc</u>).

New Orleans, Louisiana, this  9th   day of      January      , 200<u>9</u>.

*[signature]*
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE